By the Court.
Mason, J.
The defendants’ counsel on the trial, called as a witness, on the part of the defendant Price, Lyman Candee, one of his co-defendants. The plantiffs’ counsel objected to his being so examined, on the ground of his being a party defendant to the suit, and the court sustained the objection, to which decision the defendants’ counsel excepted. The defendants’ counsel then offered the defendant Price as a witness for his co-defendants, Crooke and Candee. The plaintiffs’ counsel objected to his competency on the same ground, to wit, that he was a party to the suit, and the judge refused to permit him to be sworn on behalf of his co-defendants, and the defendants’ counsel excepted.
The 897th section of the code authorizes a party to be examined on behalf of his co-plaintiff or co-defendant, but the examination thus taken it is provided shall not be used on behalf of the party examined. Under this section, we have held that, in an action against several defendants on a joint contract, one defendant cannot be examined on behalf of, one of his co-defendants, except to prove some defence, as infancy, or a discharge personal to such co-defendant, because, as the judgment must be against all or none, the evidence must necessarily enure to the benefit of the witness.
In the present case, the complaint sets up a joint obligation by the three defendants, executed by Price as principal, and the other defendants as his sureties; but the obligation itself, when produced in evidence by the plaintiff, appeared to be several as well as joint. The question then arises, whether a separate judgment can be rendered in this action against Price or against Candee. Under the old system this could not have been done. The general rule was, that, by uniting the several obligors or contractors on a joint and several obligation in one action, the *618 plaintiff elected to consider it as a joint obligation, and that he must abide by that election,/ He must recover against all or none. This was so held in the recent case of Miller v. McCagg, (4 Hill, 35,) which was brought on a joint and several note, in which one of the makers signed as surety for the other. One of the defendants was offered as a witness for his co-defendants, under the provision of the act, (2 R. S. 447, § 15, 3d ed.,) by which, where different parties to a bill or note were sued jointly,' one of the defendants might examine in his behalf any co-defendant in all cases where he would have been entitled to- the' testimony had the suit been brought in the form theretofore used, that is, against makers and indorsers separately. The court held that different parties “meant makers and indorsers,'- and that two or more makers or joint- indorsers made but one party.” It had previously been held in Plainer v. Johnson, (3 Hill, 476,) that’ in a suit against several makers of a joint and several note, the plaintiff had no right to-sever the action and take judgment against one of the defendants.
But the 136th section of the code, we think, authorizes a judgment in this-action against either of these defendants. It provides that, if all the defendants ito • an action have been served with -the summons, judgment may be taken against any or either of them severally, where the plaintiff would be entitled-to judgment against such defendant or defendants, if the action had been against them or any of them- alone. Now, although the plaintiff had complained against the defendants - solely as joint obligors, yet, on production of the bond in- evidence, it was apparent that the plaintiffs could have recovered against any one of them in a separate action. We are of opinion, therefore, that the learned judge erred- in excluding the defend-, ants from being examined as witnesses for each other. -'(After' overruling several other exceptions taken by the defendants at the trial, the judge thus concludes.) We are of .opinion that none of the exceptions are well taken, except-those which related to the exclusion of the defendants Price and Oandee as witnesses for each other, and on that ground alone the judgment must be reversed, and anew trial- ordered.